

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

February 25, 1939

Mr. Carlos C. Ashley
District Attorney
Llano, Texas

Dear Sir:

Opinion No. 0-336
Re: Is county entitled to recover from
sheriff money allowed for deputy hire
but paid to deputies other than those
applied for?

Your letter of February 9th, addressed to
Attorney General Gerald C. Mann, has been referred
to the writer. You request an opinion as to wheth-
er or not Menard County may recover from its sheriff-
assessor-collector money allowed for deputy hire,
but paid to deputies other than those applied for.

Your letter states that the sheriff-asses-
or-collector employed three deputies under authority
of the Commissioners' Court order and later hired ad-
ditional deputies, and paid the additional deputies
out of the authorized funds for the original three
deputies.

Your question is worthy of careful consid-
eration in that its determination has not yet been
made by the courts in construing Article 3902 R.C.S.,
of Texas as follows:

"Whenever any district, county or pre-
cinct officer shall require the services of
deputies, assistants or clerks in the per-
formance of his duties he shall apply to the
County Commissioners' Court of his county
for authority to appoint such deputies, as-
sistants or clerks, stating by sworn appli-
cation the number needed, the position to be
filled and the amount to be paid. Said

Mr. Carlos C. Ashley, February 25, 1939, Page 2

application shall be accompanied by a
statement showing the probable receipts
from fees, commissions and compensation to
be collected by said office during the
fiscal year and the probable disbursements
which shall include all salaries and ex-
penses of said office; and said court
shall make its order authorizing the ap-
pointment of such deputies, assistants and
clerks and fix the compensation to be paid
them within the limitations herein pre-
scribed and determine the number to be ap-
pointed as in the discretion of said court
may be proper; provided that in no case
shall the Commissioners' Court or any mem-
ber thereof attempt to influence the ap-
pointment of any person as deputy, assistant
or clerk in any office. Upon the entry of
such order the officers applying for such
assistants, deputies or clerks shall be au-
thorized to appoint them; provided that said
compensation shall not exceed the maximum
amount hereinafter set out * * * "

In this instance, the Commissioners' Court
did authorize the expenditure of the amount paid, but
did not authorize the payment as made. You have not
stated in your letter whether or not the Commissioners
Court has taken any action on the annual report of
the officer, which may be of controlling importance
in effecting the rights of the county. The sheriff-
assessor-collector had no authority to appoint depu-
ties, except by the procedure as outlined in the
above Article 3902. Further, he had no authority to
agree upon or to pay a less amount to the original
three deputies than as authorized by the Commission-
ers' Court order. Maryland Casualty Company vs. The
State, 107 S.W. (2d) 865.

The Commissioners' Court may subsequently
ratify that which it may have authorized originally.
So, where the Commissioners' Court approves the

Mr. Carlos C. Ashley, February 25, 1939, Page 3

the expenditures in the annual report of the officer as to paying deputies not authorized to have been appointed, the county is bound as having authorized the deduction. The State of Texas vs. Carnes, 106 S.W. (2d) 397; Cameron County vs. Fox, 61 S.W. (2d) 483. However, where more than three years had elapsed after the appointment and payment of an unauthorized deputy, where there was no action of approval taken by the Commissioners' Court, and though the County Auditor had allowed the payment, the county was not estopped, but could recover. Tarrant County vs. Smith, 81 S.W. (2d) 539.

We believe that the procedure in Article 3902 above is properly construed as a condition precedent to a county officer's right of appointment of deputies and his right to deduct the amount of deputy salaries. We recognize that any expenditure for deputy hire not an authorized expenditure gives the county a right to recover. However, in this instance, it appears that the expenditure was authorized, though the appointments were not authorized. We do not believe that the county will have suffered an injury for the payment of the amount of money it authorized to be expended. The situation would have been different had the officer appropriated the money to his own use or other use than deputy hire. There would not be any question as to the county having lost its right to assert the claim, in this instance, where the Commissioners' Court has approved the auditing and settling of the officer's account; and if the Commissioners' Court has made no approval of expenditures to the additional deputies, we believe that the violation of Article 3902 would give rise to the basis for a suit in the violation of a legal right, but the theory of damnum absque injuria would preclude a recovery. In other words, Menard County has not been out more than the $2600.00 approved expenditure, all of which was expended for deputy hire.

We are not called upon to determine the liability as between the officer and original deputies. Further, the State of Texas not being a party to this

Mr. Carlos C. Ashley, February 25, 1939, Page 4


proposed suit and in lieu of this particular situation not having been previously determined in the courts, our opinion can only be an abstract statement of the applicable law and should constitute no authority for any action.

Believing this to answer your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Pat Coon*
Pat Coon
Assistant

:ob

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS